## Lowry, Appellant, *v.* Millcreek Township.

*Road law—Widening road—Erie County—Act of April 13, 1843, P. L. 218—Repeal of statutes.*

Under the local Act of April 13, 1843, P. L. 218, the supervisors of a township in Erie County have authority to widen a public road.

The word "alter" in the Act of 1843 is sufficiently comprehensive to cover the widening of a road within the restrictions imposed by the general law.

The Act of April 13, 1843, P. L. 218, authorizing supervisors in

Erie Township "to lay out and alter" public roads, has not been repealed by any subsequent general act.

Argued April 12, 1915. Appeal, No. 150, April T., 1915, by plaintiffs, from order of C. P. Erie Co., April T., 1914, No. 24, dismissing exceptions to return of road supervisors in the matter of widening Twelfth Street in Millcreek Township, in suit entitled Sadie F. Lowry, et al., v. Road Supervisors of Millcreek Township. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of road supervisors.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to return of supervisors.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellants.—The supervisors had no authority to widen the road: Reserved Twp. Road, 80 Pa. 165; Church Road, 5 W. & S. 200; In re Liberty Alley, 8 Pa. 381; Loyalsock Twp., 26 Pa. Superior Ct. 219.

It is a fundamental rule of construction that a relative word or clause has reference to its first antecedent only, unless to restrict its application will manifestly do violence to the plain intent of the language employed in connection with it: Witmore v. Witmore, 177 Pa. C. C. R. 11.

*L. E. Torry,* for appellees, cited: Wysox Twp. Road, 42 Pa. Superior Ct. 258; Loyalsock Twp. Road, 26 Pa. Superior Ct. 219.

OPINION BY HENDERSON, J., October 11, 1915:
There is a single question involved in this appeal: Have the supervisors of a township in Erie County authority to widen a public road? By the Act of April 13,

1843, P. L. 218, the general supervision of the roads and bridges in each of the townships of that county was invested in the township commissioners (now the township supervisors) who were also authorized "to lay out and alter" the same in accordance with the proceeding in the act prescribed. The general authority to widen roads was given by the Act of May 8, 1850, P. L. 715, amending the General Road Law of June 13, 1836, P. L. 555. This amendment limited the width of roads so widened to fifty feet. This law was changed by the Act of June 7, 1907, P. L. 452, so that the width of a public road was limited to eighty feet. These general laws did not have the effect to repeal the local Act of 1843 but control the width of a road. The case turns therefore on the extent of the power of the supervisors as expressed in the words "to lay out and alter" contained in the Act of 1843. It is clear that the legislative intention was to give to the township supervisors greater power than to "lay out" new roads. They were invested with authority to "alter" roads already laid out. The meaning of this word is not obscure. It signifies "to change entirely or materially"; "to vary the arrangement of"; "to cause to be different in some respect." It is sufficiently comprehensive to cover the widening of a road within the restrictions imposed by the general law. The identical question arose in Loyalsock Township Road, 26 Pa. Superior Ct. 219, in which it was held that the word "altering" was sufficiently broad to cover the widening of a road. The opinion of President Judge RICE in that case fully vindicates the action of the court below. The Acts of March 18, 1901, P. L. 51, and April 3, 1903, P. L. 137, are general statutes not affecting the question of the power of the supervisors of a township in Erie County to widen a road. They are applicable when special local provision is not otherwise made for covering the conditions to which these acts apply.

The order is affirmed at the cost of the appellant.